"The Tuscaloosa Nation has filed a 'Petition for Compensation for Lands Taken,’ asserting that 'on or about July 4, 1776, the government of the United States of America’ took without payment certain of the Nation’s tribal lands which the Nation had possessed and occupied from time immemorial. The suit is apparently sought to be filed under 28 U.S.C. § 1505. The defendant has moved to dismiss on a number of grounds, of which we need consider only one.
"That fatal defect is that the claim clearly arose, from the statement in the petition itself, almost two centuries before August 13,1946, the date of enactment of the Indian Claims Commission Act, 25 U.S.C. §70 et seq. Moreover, the claim for the taking of aboriginally owned land was within that Commission’s jurisdiction. Otoe and Missouria Tribe of Indians v. United States, 131 Ct. Cl. 593 (1955), cert. denied, 350 U.S. 848. Section 12 of the Claims Commission Act, 25 U.S.C. § 70h, provides that claims existing prior to the enactment date which could have been but were not filed with the Commission within five years of that date cannot 'thereafter be submitted to any court or administrative agency for consideration, nor will such claim thereafter be entertained by the Congress.’ Congress obviously required all pre-1946 claims for takings to be submitted to the Commission by 1951, and in that connection forbade this court and all others from entertaining that kind of pre1946 claim. This is confirmed by 28 U.S.C. § 1505, the only basis for a suit in this court by an Indian group, which declares (in part) that this court shall have jurisdiction 'of any claim [by an Indian group] against the United States accruing after August 13, 1946 * * *’ (emphasis added). Except for a few special acts relating to specific claims or named Indian groups, Congress has not lifted this bar to our consideration of pre-1946 Indian claims.[1]
"It is therefore ordered and concluded that defendant’s motion to dismiss is granted and the petition is dismissed.”

 Plaintiff refers to the Act of October 13, 1972, Pub. L. No. 92-485, 86 Stat. 803, but that statute relates to suits by the Government, not against it.